1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

3

4

SUZANNE CAREY,

Plaintiff,

5

6

7

8

9

v.

OFFICE AND PROFESSIONAL
EMPLOYEES' INTERNATIONAL UNION,
LOCAL 23 and INTERNATIONAL UNION
OF OPERATING ENGINEERS, LOCAL 612,

Defendants.

Case No. C04-5438FDB

ORDER GRANTING MOTIONS OF
EMPLOYER INTERNATIONAL
UNION OF OPERATING
ENGINEERS, LOCAL 612, and
OFFICE AND PROFESSIONAL
EMPLOYEES' INTERNATIONAL
UNION, LOCAL 23 TO DISMISS

10

11

12

13

14

15

16

Defendant International Union of Operating Engineers Local 612 (IUOE 612), Plaintiff's

employer, is a labor union representing operating engineers in the southern part of Western

Washington and is located in Tacoma.  Plaintiff began working with IUOE 612 (Hereafter,

Employer) as an Office Specialist II on a trial basis beginning December 19, 2003 and was covered

by a collective bargaining agreement between IUOE 612 and the Union, Office and Professional

Employees' International Union Local 23.  (Union).  Plaintiff was discharged on or about February

5, 2004.

17

18

19

20

21

22

23

24

25

26

The Employer moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1)(lack of subject matter

jurisdiction) or 12(b)(6)(failure to state a claim upon which relief can be granted) arguing that her

assertion of discrimination under the American with Disabilities Act and the Washington Law

Against Discrimination must fail because (1) the Employer is not subject to the ADA because it does

not employ 15 or more employees and plaintiff is not disabled within the meaning of the ADA; and

(2) and once the ADA claim is dismissed, there is no federal question jurisdiction and no grounds for

exercising supplemental jurisdiction over the related state law claims.  Additionally, the Employer

argues that any "hybrid" claim of duty of fair representation/breach of collective bargaining

agreement Section 301 must fail because Plaintiff has failed to allege facts – and cannot allege facts –

ORDER - 1

to show that the Union's conduct toward her was "arbitrary, discriminatory or in bad faith." *See Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  Indeed, in a parallel case brought by Plaintiff to the National Labor Relations Board, the NLRB's Office of General Counsel rejected the fair representation claim now pending in this court:

> As we said in our decision to deny your appeal, unions are afforded wide discretion under the Act in the processing of grievances. ... Here, the evidence indicated that the Union processed your grievances, met with the Employer on your behalf, and talked to various witnesses.  There is no evidence that the Union's decision not to arbitrate your grievances was based on any disability you may have or any arrest record you may have.  Rather, the Union's decision not to process the grievances further was based on its good faith belief, after an analysis of the facts, that it would not be successful.

Defendant Office and Professional Employees' International Union, Local 23 (Union), had a collective bargaining agreement with Plaintiff's Employer, International Union of Operating Engineers, Local 612 (Employer).  Plaintiff began working with IUOE 612 (her Employer) as an Office Specialist II on a trial basis beginning December 19, 2003 and was covered by the collective bargaining agreement.  Plaintiff was discharged on or about February 5, 2004.

Plaintiff's claims against the Union include violation of case law by refusing to represent Carey fairly after her Employer treated her unfairly and violating the Rules of Professional Conduct "by fabricating abhorrent deeds and providing information which they knew to be false in an effort to avoid an investigation by the EEOC and NLRB".  (Complaint ¶¶ 14 and 15)

The Union moves for dismissal of this cause of action for two reasons. First, there is no legal basis to exercise federal jurisdiction over an alleged breach of the Rules of Professional Conduct as Local 23 is not a lawyer and not subject to these rules of ethical practice for attorneys.  Second, the Complaint fails to allege facts sufficient to show a bad faith, arbitrary or discriminatory refusal to process Plaintiff's grievance, and it fails to state a hybrid duty of representation/301 claim.

Plaintiff has responded but has provided no evidence to rebut the Employer's contention that it does not employ 15 or more employees or that Plaintiff is not disabled within the meaning of the

ORDER - 2

1    ADA because Plaintiff has acknowledged that whatever her alleged disability may be, it is eliminated

2    by taking the proper medication.  Neither has Plaintiff provided any rebuttal to the Union's response.

3

4         Plaintiff's claims against the Employer and the Union must be dismissed for the above

5    reasons.  The infirmities in Plaintiff's case cannot be cured by amendment of her Complaint,

6    accordingly, her motion to file an amended complaint must be denied.

7         The Union also moves for sanctions against Plaintiff for her unauthorized use of the signature

8    of the Union's counsel and for filing a pleading purporting to be a "joint Status Report" (Dkt. # 66)

9    when in fact it was filed without the knowledge, approval or authorization of the Union's attorney

10   and with unauthorized use of his electronic signature.  When Plaintiff was confronted regarding her

11   conduct, Plaintiff refused to stipulate to her abuse of the court system and to proceed with a proper

12   joint status report.  The Union seeks an award of attorney's fees in the amount of $625.00 and a

13   monetary sanction of $500.00 payable to the Court within thirty days of the entry of an order.

14        Plaintiff's conduct with respect to the required joint status report is egregious, but because

15   the Court is dismissing this cause of action, it will decline to award sanctions at this time.

16        ACCORDINGLY,

17        IT IS ORDERED:

18        1.    The Motion of Defendant Local 612 International Union of Operating Engineers (the

19              Employer) to DISMISS [Dkt. # 74] is GRANTED;

20        2.    The Motion of Defendant Office and Professional Employees' International Union,

21              Local 23 (the Union)[Dkt. # 75] is GRANTED;

22        3.    The Motion of Defendant Office and Professional Employees' International Union

23              Local 23 for Sanctions is DENIED;

24        4.    Plaintiff's Motion to Amend Complaint [Dkt. # 63] is DENIED;

25        5.    This cause of action is DISMISSED.

26   ORDER - 3

1    DATED this 3rd day of June 2004.

2

3                                   _____
                                    FRANKLIN D. BURGESS
4                                   UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 4